We have four arguments we'll be hearing today. The first one is Appeal No. 21-2302 Uniloc 2017 LLC v. Google LLC. Mr. Jackson, whenever you're ready. You've reserved five minutes for rebuttal. Is that right? Yes. Thank you. May it please the court. The board erred in its application of the stated claim construction to the prior art Steinberg reference. The board and the district court before it correctly construed the phrase, an address of a separate device specified by the customer. And that construction is an address of a separate device, the separate device having been specified by the customer. The debate, as your honor knows, below was whether the address had to be specified by the customer or whether it was the device. And the claims shed a lot of light on that. Claim 20, for example, specifically recites the customer specified separate device. The antecedent basis for that is back in claim one, the phrase, a separate device specified by the customer. So that's obviously very, very powerful evidence. Counsel. Yes. Let's say that we agree with the board's claim construction. OK. Doesn't the prior reference teach it anyway? Because it says specifically that it shows a figure that a user puts in a cell phone number. And then the reference itself says that, you know, the previously I think it's previously identified cell phone identified by the user. Is is referred to in identifying a cell phone with a cell phone number seems pretty, you know, that that seems like not unreasonable for a fact finder to conclude. I think the difference, your honor, is in the vernacular of the nine five four patent that an address is distinct from specifying a device, the device specifier and the board acknowledge that that was the debate Google wanted to construe. They wanted to have the claims construed such that the address had to be specified, not the device. And the board below recognized that that dispute and that, frankly, the difference is there, and acknowledged that those were distinct items in the nine five four patent and went with the fact that the device had to be specified, not an address. Claim 17, one of the dependent claims, I think also underscores the distinction because in claim 17, it states that we're in the address of the separate device specified by the customer is selected from the group consisting of a telephone number and an email address. What about the language in the patent itself that says, for example, when the customer specified address is a telephone number, the customer specified system can include a mobile phone and a computer. What about that sentence? Why isn't that saying that in some circumstances, for example, the cell phone number that could identify not only the address, but also the device or devices? Well, I think this gets to the issue of clearly the specification says that an address can be associated with the device. And that's one of the arguments that that the board and Google made below. But just because those two items can be associated with each other doesn't mean that the address necessarily is the device specifier. So I think that claim and also claim 15, which was not one of the claims subject to the IPR, but claim 15 says that a notification of the request is sent to a customer specified address. So when the patentee wanted to claim the customer specified address, they did that in claim 15. But claim one, it's the specifier of the device, not the address. So I'm still lost as to what does Steinberg lack? I mean, just figure Lebanon finally says you send the password to the cell phone. So that seems to suggest that it's doing what the plan wants. There's a specified device that the notification is being sent to. So it again, that is correct. That is the way Steinberg. If you could tell me how would Steinberg have to be modified such that it would meet your plan? Maybe I would better understand what your argument is. And this is an example out of the 954 patent itself. The 954 patent talks about- Let's just talk about Steinberg. Okay. How could Steinberg have been rewritten in a way that would make it clear, ah-ha, oh, Steinberg does in fact meet this limitation about sending a notification to a device specified by a customer to an address of the device. To a device specifier. So if Steinberg, for example, used what the 954 patent calls the device fingerprint as the way of identifying the device to which the notification is to be sent, then that would be consistent with the claims. The fingerprint? The device fingerprint, yes. Okay. The fingerprint is okay, but a phone number is not okay. Correct, Your Honor. Correct. And that, again- But the claim doesn't say fingerprint, nor does the claim exclude phone numbers. So that's why I'm trying to understand why are we doing something that feels a little arbitrary at the moment. Fingerprint's good, phone number's bad. Right. And, again, Your Honor, that's based on the language of the claims themselves. So in Claim 17, it clearly says the address can be a telephone number, for example, or an e-mail address. But in the claims themselves, they talk about the device specifier. And those in the specification are described as being- Claim 17 says the address can be a phone number. That's a dependent claim on Claim 1. Yes, Your Honor. Doesn't Claim 1 have to encompass that embodiment described in Claim 17? Yes, but this is not saying that the address of the device is a phone number, this claim. It's not saying that the specifier of the device can be a phone number. You're saying that Claim 1 is reciting an address of the device and then a specifier of the device? Claim 1, Your Honor, says that sending ellipses, a notification of the request to an address of a separate device specified by the customer. Right, and we know from Claim 17 that the address can be a phone number. That's right. Okay, but now it sounds like to me you're saying that Claim 1 has two separate limitations. One's an address of the separate device and the other one is a specifier of the specified device? Yes, that's right, Your Honor. And again, where does it say that? That comes out of the board's construction and the district court's construction before that. So the construction was, we're considering that phrase from the claim, and they said the construction was an address of a separate device, comma, the separate device having been specified by the customer. Well, the question is how do you specify, how does the customer specify the device? That's the question. Maybe by giving the address. Well, but the address is not described in the claims or the specification as a mechanism of specifying the device. Well, what if the claim doesn't say how it's specified, which seems to be what the case is here? It says to an address of a separate device specified by the customer. It doesn't say how it's specified in this claim. Right. Did you say correct? I said what I was going to say is the claim language, that's right. But in construing this phrase below, the board recognized that there were two distinct items described in the specification, the address and the specifier of the device. And this was the claim construction debate. But even the specification doesn't say a specifier of the device. It says an address of a separate device, the separate device having been specified by the customer. It doesn't say how it's specified. And we look in the specification and we can see the examples, for example, using the device fingerprint as a way of specifying the device, which is described as being distinct in the specification. One of the problems I'm having with your claim construction there, saying it has to be a device fingerprint, is obviously you knew how to claim that because you've got element 1E that refers to a fingerprint and a device fingerprint, but that's not anywhere mentioned with respect to element C. So if that's what you intended to claim or what your client intended to claim, I don't know why they didn't do so expressly. How do you respond to that? Well, I think they were speculating, obviously, but I suspect that perhaps they wanted this to be a little more broad, not necessarily limited to a device fingerprint, but still has to be specific to that device fingerprint. And I think we've described in the briefing how a telephone number is not necessarily specific to a particular device. It's interesting you say not necessarily, which again your standard of review here is substantial evidence. And you've got those references in the prior art that talk about the cell phone number and specifying the device. And when you look at Figure 8, the user actually puts in the phone number to identify the cell phone device. And then also there's expert testimony, unrebutted expert testimony to support the Board's fact conclusion. So I don't understand how the substantial evidence standard isn't met here. Well, Your Honor, respectfully, we think that for the Board to have considered whether the address had to be specified by the customer or whether the device had to be specified by the customer in choosing the device specifier as opposed to an address, and then to read the claims in the end on an address is inherently contradictory. There's no example in the specification that relies on the address as the specifier. It's the specifier. That's right, Your Honor. There's no example of that. It refers to an address being associated with the device, but that isn't necessarily uniquely specifying a device as opposed to an address that can be associated with the device. So a phone number, for example, the specification in the claims also talk about an address can be an e-mail address. Well, an e-mail address, if I pull up my e-mail on my phone or my laptop or my desktop at work, I'm accessing the same e-mail account. But it isn't specific. It isn't unique to a particular device. I've exceeded my time, Your Honor. We'll stop there. Thank you, Your Honor. Morning, Your Honors. May it please the Court. Unilock has two big problems in this case. The first problem under the Board's construction is that while the Board construed the claim to require that a customer specify a device, there's no limitation on how that specification be done. Steinberg has a device, a cell phone, and in Steinberg the cell phone is identified by the customer via the phone number. And Dr. Monroe's, Google's expert, testified that one of ordinary skill in the art would read Steinberg as disclosing a separate device, the cell phone, which was specified by the user. That's more than enough evidence to support the Board's decision. And that brings me to their second problem. There is no evidence that Steinberg could be read in a different way. They don't have their own expert, and they didn't choose to depose Dr. Monroe's. And so the only evidence in this case about how a person of ordinary skill in the art would read Steinberg is the evidence consistent with the Board's decision. Now, we recognize that there's a distinction between a cell phone and a cell phone number. But just as there is a distinction between a person and the person's name, that does not mean that a person cannot be identified with their name, even recognizing the two are distinct things. So, yes, a cell phone and a cell phone number may be different, but that doesn't mean that providing a cell phone number doesn't at the same time identify the cell phone. Mr. Jackson's making an argument that in view of the Board's claim construction, the claim limitation has really two separate and distinct elements. One is the address of the device, and then there's a second thing, which is the specifier of the device. And through that distinction, we should understand that the specifier of the device has to be something different than the form to attach it to the device. So to the extent I understand that argument, it doesn't work because the claim is to a method, or the claim is to a system, but in this step of the claim, there's a notification and it is sent to an address. So the only thing the system has, the only piece of information it needs, is the address it's going to send the notification to. There is no separate identifier of the device that's discussed in the claim or that's discussed in the specification. What about a fingerprint? Well, Your Honor, a fingerprint is not a means of specifying a device. It's a means of validating a device. So, yes, the system, the 954 patent, describes that a fingerprint is taken, but just like you have to have a suspect in custody before you can get their fingerprints, you have to have the device that already has to be known to you. So the way the 954 patent operates is that when a remote device tries to get to the data, tries to get to the banking information, and at that point, its fingerprint is taken and compared to valid fingerprints. And if there is not a match, then that's when the notification is sent to this separately identified device. The identification of the separately identified device has nothing to do with the fingerprint. The fingerprint is an authentication scheme for the device attempting to get the banking information. And, in fact, if that device's fingerprint matched an authorized fingerprint, the claim doesn't even move forward because no notification is ever sent out. And, in fact, you can see this in the claim itself, because in Claim 1 it discusses the separately identified device, and then later in Limitation, I think it is 1e, it discusses this fingerprint issue. So, in other words, it's not only a separate concept, it's separately described and called out in the claim. Do you have a backup claim construction argument? Is there some reason outside the scope of this appeal that you're seeking that construction? No. This court needn't reach that construction, and I think based on the evidence that the board relied on, there is no reason for this court to reach that construction, because there is more than enough evidence to support the board. And unless there are any further questions, I'll take my seat. Okay, thank you. Thank you. So, Your Honor, if I could pick up where my opposing counsel left off. And, again, I just want to step back a little bit and look at the scheme that's described here in the patent. The remote device, and I'll try to refer to the figure numbers, 104 makes a request to access, for example, banking information, and that request goes to the servers 102. If 102 doesn't have the fingerprint of 104 stored as an authorized device, that's when this notification gets sent out. And the notification gets sent out to a predefined device that the customer had set up as a security mechanism. That's where, in the patent specification, it talks about registering those devices. So at column 11, lines 24 to 27, for example, it talks about how the notification, the server 102 determines whether the reply to the notification, that is the bounce back, the response back from the specified device, is valid or invalid based on the device fingerprint 516 of the customer-specified system 106. So 102 has the fingerprint of the customer-specified system, and that's what it looks at in the response to the notification to determine whether it's a valid response or not. Also at column 5, lines 46 to 50, and I'll try to shorten this up, the specification says there may be one or more administrator fingerprints associated with a customer account so that a customer may transmit a legitimate authorization, that's the response, from any number of customer-specified devices that have been registered with the server. So that registration, that's the customer pre-registers this device in their account, and then that's, for example, up above in the column, or up above my notes here, but down below in column 11, lines 24 to 27, it talks about storing that fingerprint, and that's how the server 102 verifies whether the response to the notification is valid or not. So the registrations occurred ahead of time, an account setup, or maybe the customer wants to enhance the security of their account. They set that up. That's how the response to the notification is verified to be valid or not. And so when it says in the claim the separate device specified by the customer, that specification is that unique identifier for the device distinct from an address. Now the claim says the notification is sent to an address. Clearly it has to be sent to an address. But what makes it a customer-specified device, that's the question at issue here, and it's something distinct from the address. And with no other questions, I'll take my seat. Okay, Mr. Jackson, thanks very much. The case is submitted. Thank you.